**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

    Plaintiff,

v.                                                                    CASE NO:  8:16-CV-1154-T-30AEP

STEPHEN R. KANZER, ANTHONY
GALLO, MORGAN & MORGAN, TAMPA
P.A., TWIN CITY FIRE INSURANCE
COMPANY, AND NORTH RIVER INSURANCE
COMPANY,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant North River Insurance Company's Motion to Dismiss (Dkt. 25) and Plaintiff's Response in Opposition (Dkt. 27). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted to the extent that the Court will stay this action pending the outcome of the underlying action.

### Background

Plaintiff Progressive American Insurance Company seeks a declaration regarding the priority of insurance coverage. Specifically, this declaratory judgment action arises out of an underlying state court action styled, *Anthony Gallo v. Stephen R. Kanzer*, pending in Pinellas County, Florida Circuit Court, Case No. 15-006935-CI (the "underlying action").

In the underlying action, Anthony Gallo filed a single-count negligence action against Stephen R. Kanzer for bodily injuries Gallo suffered as a result of a motor vehicle accident caused by Kanzer's negligence.

Progressive alleges in this case that it issued two insurance policies to Kanzer: a personal automobile policy, with potentially relevant limits of $250,000 each person and $500,000 each accident, and a personal umbrella policy, with a potentially relevant limit of $1,000,000 per occurrence. Progressive alleges that Twin City Insurance Company issued to Kanzer's employer, Morgan & Morgan, Tampa, P.A., a liability insurance policy, containing business auto coverage, with a relevant limit of $1,000,000 per occurrence. Progressive also contends that North River Insurance Company issued to Morgan & Morgan a commercial umbrella policy, with a relevant limit of $25,000,000 per occurrence.

Progressive does not seek a declaration from this Court on the duty to defend; it concedes that it is providing Kanzer with a defense in the underlying action. Progressive requests the Court to declare that Kanzer is an insured under the Twin City and North River policies issued to Morgan & Morgan, and is therefore entitled to coverage under those policies for the damages Gallo claims in the underlying action. Progressive also asks the Court to declare that there is a specific priority of coverage among the various policies, whereby the Progressive personal automobile policy provides the first layer of indemnity coverage to Kanzer up to its applicable limits, followed by the Twin City policy up to its applicable limits, followed by the Progressive and North River umbrella policies on a pro rata basis according to their respective policy limits.

North River moves to dismiss Progressive's complaint for declaratory relief for lack of subject matter jurisdiction (a lack of an "actual controversy" under 28 U.S.C. § 2201(a)) pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6).  As explained below, the Court concludes that this action is premature.

## Discussion

"When reviewing a 12(b)(1) motion to dismiss, the Court construes the allegations in the complaint in the light most favorable to the plaintiff."  *Houston Specialty Ins. Co. v. Titleworks of Southwest Florida, Inc.*, No. 2:15-cv-219-FtM-29, 2015 WL 5599175, at *2 (M.D. Fla. Sept. 22, 2015) (citations omitted).  Likewise, when reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

The test for an "actual controversy" under the Declaratory Judgment Act does not require a present dispute, but only the "practical likelihood" that a dispute will arise. Specifically:

> That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. *Associated Indem. v. Fairchild Industries*, 961 F. 2d 32, 35 (2nd Cir. 1992) (citations omitted).  Rather, the practical likelihood that the contingencies will occur and that the controversy is a real one should be decisive in determining whether an actual controversy exists.

*GTE Directories Pub. Corp. v. Trimen America, Inc.*, 67 F. 3d 1563, 1569 (11th Cir. 1995).

Here, the Court concludes that there are too many contingencies at issue and that the "practical likelihood" that they will occur is too hypothetical at this point. For example, as North River points out, North River's indemnity obligations to the insured are contingent on the insured actually being held liable in the underlying action. North River's indemnity obligations are also contingent on the exhaustion of the underlying insurance. Those events may never occur. On that same note, any declaration regarding the priority of coverage implies that there is a duty to indemnify Kanzer. Simply put, Progressive's declaratory action puts the cart before the horse; this Court does not believe in wasting judicial resources and the resources of the parties on speculative, hypothetical injuries. However, rather than dismiss this case as North River requests, the Court elects to stay the action, pending the outcome of the underlying action.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant North River Insurance Company's Motion to Dismiss (Dkt. 25) is granted in part. This action is stayed pending the conclusion of the underlying action.

2. The Clerk of Court is directed to administratively close this case.

3. Plaintiff may file a motion to re-open this case within fourteen (14) days of the conclusion of the underlying action.

**DONE** and **ORDERED** in Tampa, Florida on June 24, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record